UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| SHARON H., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:24-cv-04216-SLD-RLH |
| FRANK BISIGNANO, | ) ) ) |
| Defendant. | ) |

ORDER[1]

In June 2022, Plaintiff Sharon H. filed an application for disability insurance benefits for a disability that she claims began in 2020. R. 34. The Commissioner of the Social Security Administration ("the Commissioner") denied her application, and Sharon seeks judicial review of this decision pursuant to 42 U.S.C. § 405(g). *See generally* Compl., ECF No. 1. Before the Court is Magistrate Judge Ronald L. Hanna's Report and Recommendation ("R&R"), ECF No. 27, which recommends affirming the Commissioner's decision. Also before the Court are several motions filed by Sharon presenting reasons for the Court to reverse the Commissioner's decision.[2] *See* Mots., ECF Nos. 16–22. Judge Hanna's R&R recommends denying these motions, insofar as they are properly construed as motions. R&R 16–18.

When a dispositive matter is referred to a magistrate judge, he must enter a recommended disposition. Fed. R. Civ. P. 72(b)(1). In this case, Judge Hanna recommends affirming the

---

[1] The administrative record can be found at ECF Nos. 13–13-8. Citations to the record take the form R. __.
[2] Sharon also submitted a letter to the Court expressing her concern that her identity has been stolen and wondering whether her petition for disability insurance was denied because another individual is working under her social security number. *See generally* Letter to the Court, ECF No. 23. The Court finds no evidence in the decision of the Administrative Law Judge's decision that he was aware of or weighed any such considerations when determining that Sharon was not disabled under the terms of the Social Security Act. *See generally* R. 34–46. And the Court is not well-positioned to investigate ongoing identity theft. The Court recommends Sharon consult for assistance resources designed to respond to identity theft. *See, e.g.*, *Identity Theft*, usa.gov (July 22, 2025), https://www.usa.gov/identity-theft.

Administrative Law Judge's ("ALJ") decision denying Sharon's application for disability benefits because she was not disabled under the terms of the Social Security Act. R&R 18. His review of the decision was limited to determining whether it is supported by substantial evidence and based on the proper legal standard. *Id.* at 3; *see* 42 U.S.C. § 405(g); *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). "Evidence is substantial when it is sufficient for a reasonable person to conclude that the evidence supports the decision." *Rice v. Barnhart*, 384 F.3d 363, 369 (7th Cir. 2004). The ALJ does not have "to provide a complete and written evaluation of every piece of testimony and evidence, but must build a logical bridge from the evidence to his conclusion." *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015) (quotation marks omitted). Judge Hanna's R&R also recommends denying Sharon's motions because they are procedurally improper and because the Court's review may not consider evidence not found in the administrative record. R&R 17–18.

After being served with a copy of the recommended disposition, parties have fourteen days to object to the proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). The district judge must determine de novo any portions of the recommended disposition that were properly objected to. *Id.* 72(b)(3). If no objection, or only partial objection, is made, the district judge reviews the unobjected portions of the recommendation for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Upon this review, the district judge may accept, reject, or modify the recommended disposition or return it to the magistrate judge for further proceedings. Fed. R. Civ. P. 72(b)(3). Because neither party objected to any portion of Judge Hanna's R&R, the Court reviews it for clear error.

After reviewing the R&R, the parties' submissions, the administrative record, and the applicable law, the Court finds no clear error in the R&R's review of the ALJ's decision. It

further finds no clear error in its conclusion that Sharon's motions are improper. Insofar as these submissions are construed as motions, they are procedurally improper for the reasons stated in the R&R. Even liberally construing them as components of Sharon's brief, many of the materials therein are not appropriate for the Court to consider. As the Court noted when denying a previous submission of many of these same motions, "it is typically improper for the Court to consider evidence that was not before the Social Security Administration in reviewing a decision under 42 U.S.C. 405(g)." Jan. 6, 2025 Text Order. This is because the Court "does 'not actually review whether [the claimant] is disabled, but whether the finding of not disabled is supported by substantial evidence.'" *Id.* (alteration in original) (quoting *Perry v. Colvin*, 945 F. Supp. 2d 949, 961–62 (N.D. Ill. 2013)).

The Court sympathizes with Sharon's frustration. Navigating the legal system without counsel can be disorienting, even disillusioning when the requested relief is denied. And Sharon is doing so while suffering medical impairments that make daily life more difficult and painful. But the Court cannot go beyond its role in our constitutional order nor bend the law to accommodate Sharon's requests. In this case, the Court's role is limited to reviewing whether Judge Hanna clearly erred when concluding that there is substantial evidence to support the Commissioner's decision that Sharon does not qualify for disability benefits under the terms of the Social Security Act. The Court finds that Judge Hanna did not clearly err in his recommendation.

Accordingly, the Report and Recommendation, ECF No. 27, is ADOPTED and the Commissioner's decision in this matter is AFFIRMED pursuant to 42 U.S.C. § 405(g). Because independently weighing the evidence is not within the scope of this Court's review, Sharon's

motions, ECF Nos. 16–22, are DENIED.  The Clerk is directed to enter judgment and close the case.

    Entered this 30th day of January, 2026.

_____s/ Sara Darrow_____
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
